UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JEREMY SMITH, | ) | |
|     Plaintiff | ) ) ) | |
| v. | ) ) | 1:25-cv-00525-SDN |
| TESHA MOSHER, et al., | ) ) ) | |
|     Defendants | ) | |

### RECOMMENDED DECISION AFTER REVIEW OF PLAINTIFF'S COMPLAINT

Plaintiff, who is in custody at the Bolduc Correctional Center, in Warren, Maine, filed a complaint against the Maine Department of Corrections (MDOC) and Tesha Mosher of Victim Services asserting that he has been unlawfully denied contact with his children while in custody. (Complaint, ECF No. 1.)

Plaintiff's complaint is subject to screening "before docketing, if feasible or … as soon as practicable after docketing," because he is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

After a review of Plaintiff's complaint, I recommend the Court dismiss the matter.

#### FACTUAL ALLEGATIONS

Plaintiff alleges that he has requested but been denied the opportunity to see and speak with his two children. He asserts that the children are not victims, and there is no

other legal basis that should prevent him from having contact with them. Plaintiff alleges that the denial of contact constitutes a violation of his due process rights.

## LEGAL STANDARD

The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

"A self-represented plaintiff is not exempt from this framework, but the court must construe his complaint 'liberally' and hold it 'to less stringent standards than formal pleadings drafted by lawyers.'" *Waterman v. White Interior Sols.*, No. 2:19-cv-00032-JDL, 2019 WL 5764661, at *2 (D. Me. Nov. 5, 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). "This is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim." *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980).

## DISCUSSION

The Constitution protects two forms of association: principles of due process that prohibit undue interference with "certain intimate human relationships" because they represent "a fundamental element of personal liberty," and the First Amendment protects

"a right to associate for the purpose of engaging in . . . speech, assembly, petition for the redress of grievances, and the exercise of religion." *Roberts v. U.S. Jaycees*, 468 U.S. 609, 618 (1984). The Supreme Court has recognized, however, that "freedom of association is among the rights least compatible with incarceration" and thus is more limited than in other contexts. *Overton v. Bazzetta*, 539 U.S. 126, 131 (2003).

A prison regulation is valid even though it impinges on an established constitutional right, only if the prison restriction "is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987). Courts consider at least four factors when determining whether such a restriction is constitutional: (1) whether there is a valid, rational connection between the regulation and the legitimate government interest put forward to justify it; (2) whether there are alternative means of exercising the right that remain open; (3) the extent of the impact the accommodation would have on guards and other inmates, and on the allocation of prison resources; and (4) the absence of alternatives to the prison regulation. *Id.* at 89–91.

Several courts have recognized that "prison officials may violate the Constitution by permanently or arbitrarily denying an inmate visits with family members in disregard of the factors described in *Turner* and *Overton*," *Easterling v. Thurmer*, 880 F.3d 319, 323 (7th Cir. 2018), but in practice, courts have generally rejected constitutional claims or upheld even significantly restrictive prison policies, including when a restriction is imposed for reasons related to the offense of conviction or at the request of the other parent, *see, e.g., Dunn v. Castro*, 621 F.3d 1196, 1202–03 (9th Cir. 2010) (collecting cases);

3

*Cremeans v. Wrenn*, No. 17-CV-572-SM, 2019 WL 1406563, at *4 (D.N.H. Mar. 28, 2019) (collecting cases).

Here, Plaintiff alleges only that he requested but was denied visits with his children on an unspecified number of occasions. Plaintiff has not asserted when he requested contact, how he requested contact, how the denial of contact was communicated, his understanding of the prison policy regarding contact, or whether his children and/or their guardian (if they are minors) were willing and able to visit. In short, Plaintiff has failed to allege any facts that would permit an assessment of whether the alleged restriction on his contact with his children is unlawful under analysis contemplated by *Turner* and *Overton*. A mere assertion that he requested but was denied contact with his children is insufficient to support a constitutional claim. Without more relevant facts, Plaintiff has not alleged an actionable claim.

## CONCLUSION

After a review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, for the reasons set forth above, I recommend the Court dismiss the matter.[1]

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district

---

[1] Because I have determined that Plaintiff has not alleged an actionable claim, I dismiss as moot Plaintiff's motion to proceed without prepayment of fees. (Motion, ECF No. 4.)

court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

      Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 25th day of November, 2025.